```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  SAMUEL WONG
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, California  95814
 4  Telephone: (916) 554-2772
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR. S-07-335 LKK |
| Plaintiff, | ORDER EXCLUDING TIME UNDER SPEEDY TRIAL ACT, AND SETTING BRIEFING |
| v. | SCHEDULE AND MOTIONS HEARING DATE |
| JOSE LUIS ROMERO GUTIERREZ, | Court: Hon. Lawrence K. Karlton |
| Defendant. | |

On April 7, 2009, the parties appeared before the Court for a status conference. Assistant United States Attorney Samuel Wong appeared on behalf of plaintiff United States of America. David Dratman, Esq., appeared with his client, defendant Jose Luis Romero Gutierrez.

Mr. Dratman explained that due to his trial schedule on an unrelated case, he was unable to file a memorandum in support of Gutierrez's suppression motion. Mr. Dratman asked the Court to reset the briefing schedule and grant him additional time to prepare his supporting memorandum.

Pursuant to the parties' stipulation, the Court set the

1

following schedule:
1. Defendant's supporting memorandum shall be due by June 16, 2009;
2. The United States' response shall due by July 14, 2009;
3. Defendant's reply, if any, shall be due by July 28, 2009.
4. The Court shall hold a non-evidentiary hearing on defendant's suppression motion on August 4, 2009 at 09:15 a.m.

The Court orders that time from April 7, 2009, to, and including, June 16, 2009, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to Local Code T4, to allow defense counsel time to prepare the memorandum in support of the suppression motion. Thereafter, time shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act due to pending motions, pursuant to Local Code E.

The Court finds that the failure to grant a continuance in this case would deny defendant's counsel reasonable time necessary for effective preparation of his client's defense, taking into account the exercise of due diligence. The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and defendant in a speedy trial.

It is so ordered.

Dated: April 22, 2009

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT